UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **ELIZA DEANGELIS** : | |
|         **Plaintiff** : | |
| : | |
| v. : | CA No.: |
| : | |
| **KYLE WATSON;** : | |
| **BK & JS ENTERPRISES, LLC** : | |
| **d/b/a Perks and Corks; and** : | |
| **STONINGTON VINEYARD, LLC** : | |
| : | JURY TRIAL DEMANDED |
| : | |
|         **Defendant(s).** : | |

## COMPLAINT

### PARTIES AND JURISDICTION

1. Plaintiff Eliza DeAngelis (hereinafter "DeAngelis" and/or "Plaintiff") is a resident of Scituate, Rhode Island.

2. Defendant Kyle Watson (hereinafter "Watson") is a resident of Canterbury, Connecticut.

3. Defendant BK & JS Enterprises, LLC d/b/a Perks and Corks (hereinafter "Perks and Corks") is a limited liability company formed in Rhode Island with its principal place of business at 48 High Street, Westerly, RI 02891.

4. BK & JS Enterprises, LLC owns and operates a coffee shop/martini bar under the fictious name of Perks & Corks.

5. Defendant Stonington Vineyards, LLC (hereinafter "Stonington Vineyard") is a limited liability company formed in Connecticut with its principal place of business at 523 Taugwonk Road, Stonington, CT 06378.

6. This Honorable Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a).

7. The amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interests and costs.

## OVERVIEW

8. On Saturday, July 17, 2021, Kyle Watson was arrested for the criminal offense of driving under the influence of alcohol in Scituate, RI, and while intoxicated, swerving into the Plaintiff's lane of travel, causing a head on collision, which in turn, caused the 21 year old Eliza DeAngelis to be seriously injured and to incur medical bills in excess of five hundred thousand dollars ($500,000).

9. Upon information and belief, Mr. Watson was served alcohol at Stonington Vineyards on the Friday, July 16, and/or Saturday, July 17, 2021, hours and/or minutes prior to the head on collision.

10. Upon information and belief, Mr. Watson was served alcohol at Perks & Corks on the Friday, July 16, and/or Saturday, July 17, 2021, hours and/or minutes prior to the head on collision.

## FACTS

11. On or about July 17, 2021, at approximately 12:30 AM, 21 year old Eliza DeAngelis was a properly restrained driver traveling westbound on Hartford Pike in Scituate, Rhode Island.

12. As Plaintiff was traveling westbound on Hartford Pike, Defendant Watson, age 25, was traveling eastbound. Mr. Watson allowed his vehicle to cross the double yellow center lines into the westbound lane of travel and strike Plaintiff's vehicle head on.

13. Scituate Police Sergeant Ian P. Noonan, the senior crash investigator of the Scituate Police Department, noted in his Affidavit that Plaintiff "pulled as far as was possible to

the northern shoulder immediately pre-impact, in order to avoid this collision, this further supports [his] observation that Watson was travelling almost entirely in the wrong lane of travel." **(See Exhibit 1, Affidavit of Sergeant Noonan, page 3).**

14. Sergeant Noonan also noted in his Affidavit that "speed and/or driver error may have substantially contributed to cause the crash, evidenced by the extent of damage sustained by the vehicle and the rollover of Watson's vehicle following impact. This analysis is such that I have probable cause to believe that the Reckless Driving statute (RIGL 31-27-4) may have been violated." **(See Exhibit 1, page 3).**

15. As a result of the impact, Mr. Watson's pick up truck rolled over and landed on its roof.

16. As a result of the impact, Plaintiffs' vehicle struck a guardrail on the north side of the roadway.

17. While speaking with Watson at the scene of the accident, police noticed the odor of alcohol on Mr. Watson's breath and inside his vehicle.

18. Eyewitnesses reported to police that Watson was throwing beer cans into the woods after he extricated himself from his vehicle. **(See Exhibit 2: Eyewitness Reports).**

19. Watson ultimately admitted to police on scene that he had thrown beer cans into the woods.

20. Watson was given a field sobriety test by the Scituate Police Department and failed.

21. Watson was charged with (a) DUI Liquor or Drugs, Resulting in Serious Bodily Injury - 1st Offense, (b) Refusal to Submit to Chemical Test - First Offense, (c) Leaving Lane of Travel, and (f) Speeding 11+ mph In Excess of Posted Speed Limit - 1st Offense (for traveling 57-mph in a 40-mph zone).

22. Plaintiff was entrapped in her vehicle, bleeding from the head, and unresponsive when police and rescue arrived on scene.

23. Scituate Rescue transported Plaintiff to Rhode Island Hospital.

24. Plaintiff sustained life threatening injuries, including but not limited to a broken femur, broken pelvis, broken ribs (6 on left and 2 on right), fractured neck and L5 vertebra, facial scarring, punctured lungs (2x), tear in aorta, and Plaintiff had her spleen removed during surgery. Plaintiff was also later diagnosed with a broken left elbow.

25. In less than 3 months after the July 17, 2021, accident, Plaintiff has incurred medical bills believed to be in excess of five hundred thousand dollars ($500,000).

26. Upon information and belief, on the night of July 16, 2021, Mr. Watson was served alcohol at Stonington Vineyards in the hours immediately prior to the accident.

27. Upon information and belief, on the night of July 16, 2021, Mr. Watson was served alcohol at Perks & Corks in the hours immediately prior to the accident.

## COUNT I: NEGLIGENCE AGAINST WATSON

28. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

29. Defendant Watson owed Plaintiff a duty of care to operate his vehicle in a safe, reasonable, and attentive manner.

30. Defendant Watson breached his duty of care owed to Plaintiff when he failed to operate his vehicle in a safe, reasonable, or attentive manner, and when he failed to exercise due care to avoid colliding with Plaintiff's vehicle.

31. Defendant Watson breached his duty of care owed to Plaintiff when Defendant operated his vehicle in such a negligent manner so as to cause the accident, as described in this Complaint, in which Plaintiff was seriously injured.

32. Said accident and injuries were not caused by any negligence or contribution on the part of the Plaintiff.

33. As a direct and proximate result of Defendant Watson's negligence, Plaintiff suffered serious bodily injuries, pain and suffering, hedonic damages and other damages.

## COUNT II: NEGLIGENCE PER SE AGAINST WATSON

34. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

35. At all relevant times, Defendant Watson owed a duty to comply with applicable statutes, regulations, and rules related to the safe operation of a motor vehicle in the State of Rhode Island.

36. Defendant Watson breached this duty when he failed to control the speed of his vehicle, as required by R.I.G.L §31-14-2.

37. Defendant Watson breached this duty when he failed to keep his vehicle in the right half of the roadway, as required by R.I.G.L §31-15-1.

38. Defendant Watson breached this duty when he drove under the influence of alcohol and caused serious bodily injury, as prohibited by R.I.G.L. § 31-27-2.6.

39. Plaintiff was, at the time of the collision, within the classes of persons whom the above-reference statutes were meant to protect.

40. Defendant Watson's failure to comply with the above-referenced statute created the type of collision against which the law was designed to protect.

41. Defendant Watson's failure to comply with the above-referenced statutes was a direct and proximate cause of Plaintiff's injuries and damages and thus constitutes negligence per se.

### COUNT III: STATUTORY LIQUOR LICENSE LIABILITY
### AGAINST PERKS AND CORKS

42. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

43. At all relevant times, Defendant Perks and Corks owed a duty to comply with all applicable statutes, regulations and rules related to imposing liability on liquor licensees for serving obviously intoxicated patrons.

44. Defendant Perks and Corks breached this duty when it failed to comply with such statutes, regulations and rules regarding imposing liability on liquor licensees for serving obviously intoxicated patrons, as required by R.I. Gen. Laws §§ 3-14-1, et seq.

45. Plaintiff is within the class of persons whom the above-referenced statute was meant to protect.

46. Defendant Perks and Corks' failure to comply with the above-referenced statute created the type of motor vehicle accident as described above which the law was designed to protect.

### COUNT IV: DRAM SHOP NEGLIGENCE
### AGAINST PERKS AND CORKS

47. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

48. Defendant Perks and Corks sold alcoholic beverages to Defendant Watson at a time when Defendant Perks and Corks knew, or in the exercise of reasonable care should have known, that Defendant Watson was intoxicated.

49. Defendant Perks and Corks' sale of alcoholic beverages to Defendant Watson under such conditions was negligent and the proximate cause of Defendant Watson's intoxication.

50. The negligence of Defendant Perks and Corks was a proximate cause Plaintiff's resultant damages.

## COUNT V: STATUTORY LIQUOR LICENSE LIABILITY
## AGAINST STONINGTON VINEYARD

51. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

52. At all relevant times, Defendant Stonington Vineyard owed a duty to comply with all applicable statutes, regulations and rules related to imposing liability on liquor licensees for serving obviously intoxicated patrons.

53. Defendant Stonington Vineyard breached this duty when it failed to comply with such statutes, regulations and rules regarding imposing liability on liquor licensees for serving obviously intoxicated patrons, as required by R.I. Gen. Laws §§ 3-14-1, et seq.

54. Plaintiff is within the class of persons whom the above-referenced statute was meant to protect.

55. Defendant Stonington Vineyard's failure to comply with the above-referenced statute created the type of motor vehicle accident as described above which the law was designed to protect.

## COUNT VI: DRAM SHOP NEGLIGENCE
## AGAINST STONINGTON VINEYARD

56. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

57. Defendant Stonington Vineyard sold alcoholic beverages to Defendant Watson at a time when Defendant Stonington Vineyard knew, or in the exercise of reasonable care should have known, that Defendant Watson was intoxicated.

58. Defendant Stonington Vineyard's sale of alcoholic beverages to Defendant Watson under such conditions was negligent and the proximate cause of Defendant Watson's intoxication.

59. The negligence of Defendant Stonington Vineyard was a proximate cause Plaintiff's resultant damages.

### COUNT VII: PUNITIVE DAMAGES AGAINST KYLE WATSON

60. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

61. Defendant Watson drove his vehicle when he was intoxicated or impaired disregarding the safety of others on the road.

62. Defendant Watson's conduct constitutes aggravated and outrageous conduct in conscious disregard of substantial risk or harm to Plaintiff and others and evidences an evil mind in that he acted to serve his own interests and having reason to know and consciously disregarding the substantial risk that his conduct driving a vehicle while impaired might significantly injure the rights of others, consciously pursued a course of conduct knowing it created a substantial risk of significant harm to other persons.

63. Plaintiff is entitled to a punitive or exemplary damages award in a sum sufficient to punish Defendant and to deter others from driving while under the influence.

### DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant as follows:

A. For Plaintiff's general and special damages;

B. For Plaintiff's costs incurred in pursuing these claims;

C. For punitive damages, in an amount to be determined at the time of trial;

D. For pre- and post-judgment interest to the extent provided by law;

E. For such further relief as the Court deems just and fair.

                                              Eliza DeAngelis
                                              By her attorney,

                                              */s/ Casby Harrison*
                                              Casby Harrison
                                              Harrison Law Associates
                                              807 Broad Street, Suite 100
                                              Providence, RI 02907
                                              401-467-2000
                                              casby@casbyharrison.com

Dated: December 1, 2021